PD-1456-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/30/2015 7:39:06 PM
Accepted 12/1/2015 3:42:30 PM
ABEL ACOSTA
CLERK

**No. PD-1456-15**
In the
Court of Criminal Appeals
At Austin

———————◆———————

**No. 01-14-00575-CR**

In the
Court of Appeals
for the
First District of Texas
at Houston

———————◆———————

**No. 1909929**
In the County Court at Law, No. 13
Harris County, Texas

———————◆———————

**VIBHA HARISH PATEL**
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

———————◆———————

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

December 1, 2015

ABEL ACOSTA, CLERK

**MANDY MILLER**
Attorney for Vibha Harish Patel
State Bar No:  24055561
2910 Commercial Ctr. Blvd., Ste. 103-201
Katy, TX 77494
(832) 900-9884
Fax: (877) 904-6846
mandy@mandymillerlegal.com

ORAL ARGUMENT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 68.4(d), appellant requests oral argument. In giving deference to the trial court's ruling, the First Court of Appeals failed to consider all of the evidence in the record. The issues raised in this petition are fact specific and concern new areas of United States Supreme Court precedent. Oral argument will aide this Court in answering any questions which may arise.

i

# IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 68.4(a), a complete list of the names of all interested parties is provided below.

**Counsel for Appellant:**

> **Alexander Defrietas** — Counsel at trial
> 2800 Post Oak Blvd., #4100
> Houston, TX 77056

> **Steven D. Shellist** — Counsel at trial
> 405 Main Street, Suite 200
> Houston, TX 77002

> **Mandy Miller** — Counsel on appeal
> 2910 Commercial Center Blvd, Ste. 103-201
> Katy, TX 77494

**Appellant or criminal defendant:**

> **Vibha Harish Patel**

**Counsel for the State:**
1201 Franklin, Ste. 600
Houston, TX 77022

> **Devon Anderson** — District Attorney of Harris County

> **Daniel McCrory** — Assistant District Attorney on appeal

> **Kristena A. Glenn and Kyle J. Watkins** — Assistant District Attorneys

at trial

**Trial Judge:**      Hon. Don Smyth

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT.................................................... i

IDENTIFICATION OF THE PARTIES.............................................................ii

TABLE OF CONTENTS .............................................................................iii

INDEX OF AUTHORITIES .........................................................................iv

STATEMENT OF THE CASE....................................................................... 1

GROUND FOR REVIEW ............................................................................ 1

**In affording deference to the trial court's ruling, did the First Court of
Appeals err when it failed to consider the entirety of the record?** ......................1

ARGUMENT ........................................................................................ 2

CONCLUSION ..................................................................................... 5

CERTIFICATE OF SERVICE...................................................................... 7

# INDEX OF AUTHORITIES

## CASES

*Guzman v. State,*
955 S.W.2d 85 (Tex. Crim. App. 1997)................................................................. 4

*Patel v. State,*
No. 01-14-00575-CR, 2015 WL 5821439 (Tex. App.--Houston [1st Dist.]
Sept. 29, 2015, pet. filed.) (not designated for publication) ..................... 1, 4

## RULES

37 TEX. ADMIN. CODE § 19.4(c)(1) (2014) (Dep't of Public Safety,
Approval of Techniques, Methods, and Programs)........................................ 2

TEX. TRANS. CODE ANN. § 724.016 (West 2011) ............................................. 2

iv

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

## STATEMENT OF THE CASE

Appellant was charged by information with driving while intoxicated. (CR 14). A jury convicted appellant of the charged offense. (CR 72-74; RR III 10). Appellant chose to forgo punishment by jury and the court sentenced her to 5 days confinement in the Harris County Jail. (CR 73-74).

## STATEMENT OF THE PROCEDURAL HISTORY

On September 29, 2015, a unanimous panel of the First Court of Appeals issued an unpublished opinion affirming appellant's conviction for driving while intoxicated. *Patel v. State*, No. 01-14-00575-CR, 2015 WL 5821439 (Tex. App.--Houston [1st Dist.] Sept. 29, 2015, pet. filed.) (not designated for publication). (Appendix A). After one extension was granted, this petition is due on November 30, 2015.

## GROUNDS FOR REVIEW

**In affording deference to the trial court's ruling, did the First Court of Appeals err when it failed to consider the entirety of the record?**

## ARGUMENT

After a one-car accident and performing poorly on field sobriety tests, appellant was arrested for driving while intoxicated. (RR III 41-46, 53, 84). Appellant voluntarily submitted a breath specimen. (RR III 85, 104).

The Texas Department of Public Safety requires that a breath test operator must "remain in the presence of the subject for at least 15 minutes before the test..." 37 TEX. ADMIN. CODE § 19.4(c)(1) (2014) (Dep't of Public Safety, Approval of Techniques, Methods, and Programs). Any result obtained in violation of DPS's rules is inadmissible. *See* TEX. TRANS. CODE ANN. § 724.016 (West 2011) ("A breath specimen taken at the request or order of a peace officer must be taken and analyzed under the rules of [DPS]...").

The breath test operator, Officer Patin, testified to all of the actions he took prior to administering the breath test. But when it became apparent that his testimony would make the required 15-minute observation period impossible, he backpedaled and claimed his testimony regarding the timing was in mere estimations. Even taking this into account, the following is uncontroverted:

- Patin and appellant left the scene at 4:29 a.m. according to his patrol car video (RR III 143, 144).

- It took ten minutes to arrive at the Tomball Police station (4:39 a.m.). (RR III 130, 140-142)

- Patin secured his weapon in a locker in the jail. (4:44 a.m.) (RR III 134, 140-142).

2

- Patin waited for Officer Sampson to arrive. (4:59 a.m.) (RR III 136, 140-142).

- Patin used the restroom. (5:04 a.m.) (RR III 135, 136, 140-142).

- Appellant agreed to provide a breath sample[1]. (RR III 136, 137).

- Patin testified that he observed appellant for 15 minutes, using a stop watch. (5:19 a.m.) (RR III 137, 147).

- Patin turned on the Intoxilyzer. (5:23 a.m.) (RR III 140-142).

- Patin put appellant's information into the Intoxilyzer. (5:28 a.m.) (RR III 142).

- Patin testified that appellant would have begun the breath test at approximately 5:29 a.m. (RR III 144). However, the breath test slip indicates that appellant began the test at 4:47 a.m. (State's exhibit 7).

In this case, the State wants to have its proverbial cake and eat it too. The State relies on Officer Patin's testimony to establish that proper procedure was followed, yet discounts the testimony that reveals it is impossible for the officer to have followed the proper procedure. The State justifies the discrepancy with the assertion that the clock in Officer Patin's vehicle may not have been synchronized with the clock on the Intoxilyzer. However, in upholding the trial court's ruling, the appellate court failed to take into account that Officer Patin's testimony regarding the timing was corroborated by another State witness, Officer Sampson.

---

[1] Officer Sampson testified that he read appellant the DIC-24 at 4:45 a.m. and that appellant provided a breath sample at 5:00 a.m. (RR III 85).

Officer Sampson testified that he was dispatched to the scene at 3:30 a.m., and arrived at 4:00 a.m. (RR III 22, 29). He made contact with appellant, and conducted a driving while intoxicated investigation, including field sobriety tests. (RR III 45, 46). Appellant was arrested at 4:20 a.m. and transported to the Tomball Police station. (RR III 84). Thus, Sampson's testimony independently corroborates Patin's estimate of when he left the scene.

Appellant's first breath sample was provided at 4:57 a.m. (State's exhibit 6). Thus, Patin would have had to begin the observation period no later than 4:42 a.m. That would have left Patin with only three minutes to accomplish all of the tasks he did between arriving at the station and beginning the observation period. The appellate court deferred to the trial court's ruling because "there was no evidence that the patrol car's time stamp was synchronized with the Intoxilyzer time stamp." *Patel*, 2015 WL 5821439, at *3. But the trial court's ruling is not supported by the totality of the evidence, specifically, Officer Sampson's testimony. The appellate court failed to recognize that this other, independent evidence from the State corroborated Patin's estimate of the timeframe.

Furthermore, in justifying the trial court's ruling, the State also relies on the fact that Officer Patin testified that he complied with the 15-minute requirement. While the Court of Appeals must defer to the trial court's credibility determinations, it must only do so when they are reasonable and supported by the record. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (A trial court's fact findings based on

4

credibility must be given almost total deference by the appellate court only if they are supported by the record.). Because the trial court's implied credibility finding was not supported by the record, the appellate court erred in giving the finding undue deference.

## CONCLUSION

The First Court of Appeals failed to consider all of the evidence in the record when upholding the trial court's denial of appellant's motion to suppress. It is respectfully requested that this petition be granted, the First Court of Appeals' judgment be reversed, and the cause be remanded to the appellate court to conduct a harm analysis.

Respectfully submitted,

**MANDY MILLER**
Attorney for Vibha Harish Patel
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
SBN 24055561
(832) 900-9884
FAX (877) 904-6846

# CERTIFICATE OF COMPLIANCE

In accordance with the Texas Rules of Appellate Procedure, I hereby certify that appellant's petition for discretionary review, filed on November 30, 2015, has 1,528 words based upon a word count under MS Word.

**MANDY MILLER**
Attorney for Vibha Harish Patel
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
SBN 24055561
(832) 900-9884
FAX (877) 904-6846

## CERTIFICATE OF SERVICE

Appellant has sent a copy of the foregoing instrument to counsel for the State of Texas at the following electronic mail addresses:

Daniel McCrory
Harris County Assistant District Attorney
mccrory_daniel@dao.hctx.net

Lisa McMinn
State Prosecuting Attorney
lisa.mcminn@spa.state.tx.us

**MANDY MILLER**
Attorney for Vibha Harish Patel
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
SBN 24055561
(832) 900-9884
FAX (877) 904-6846

# Appendix A

2015 WL 5821439
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION
AND SIGNING OF OPINIONS.

DO NOT PUBLISH. TEX. R. APP. P. 47.2(B).
Court of Appeals of Texas,
Houston (1st Dist.).

Vibha Harish Patel, Appellant
v.
The State of Texas, Appellee

NO. 01–14–00575–CR | Opinion issued September
29, 2015

On Appeal from the County Criminal Court at Law No.,
13 Harris County, Texas, Trial Court Case No. 1909929

**Attorneys and Law Firms**

Daniel McCrory, Devon Anderson, Alan Curry, for
Appellee.

Peyton Zimmerman Peebles III, Alex M. Defreitas, for
Appellant.

Panel consists of Chief Justice Radack and Justices Bland
and Huddle.

**MEMORANDUM OPINION**

Rebeca Huddle, Justice

*\*1* Appellant, Vibha Harish Patel, was charged by
information and found guilty by a jury of driving while
intoxicated. The trial court sentenced her to five days'
confinement in the Harris County Jail. In her sole issue on
appeal, Patel contends that the trial court erred by
admitting the results of a breath-alcohol test obtained in
violation of the Texas Administrative Code. Finding no
error, we affirm.

**Background**

At trial, Officer J. Sampson of the Tomball Police
Department ("TPD"), testified that at approximately 4:00
a.m. on July 27, 2013, he responded to a distress call from
a car stranded in a ditch in Harris County. Sampson
testified that when he arrived at the scene, Patel showed
signs of intoxication, including "a strong odor of an
alcoholic beverage," "red, bloodshot glassy eyes," and
"slurred speech." Sampson therefore administered field
sobriety tests. He testified that Patel's performance on
them indicated that she was intoxicated.

Corporal B. Patin of the TPD testified that he arrived at
the scene and administered an additional field sobriety
test. Patin transported Patel to the TPD station after her
performance on the test indicated that she was
intoxicated.

Patin testified that, according to the time stamp of his
patrol car's video camera, he and Patel left the scene at
4:29 a.m. Patin then described his best "estimates" of how
long it took him to perform several other tasks that night.
Patin estimated that he spent "[p]robably less than ten
minutes" driving Patel to the TPD station, around five
minutes securing his guns, and "[close] to 20 [minutes]"
waiting for Officer Sampson to arrive. Patin testified that
about another five minutes elapsed while Sampson read
Patel her statutory rights and Patin used the restroom.

But Patin testified clearly that he observed Patel for 15
minutes before the breath test was administered.
Specifically, Patin remembered using "the stopwatch on
[his] watch" to perform the "15 minute observation
period" required by then-effective Texas Administrative
Code section 19.4(c)(1).[1] 37 TEX. ADMIN. CODE §
19.4(c)(1) (2014) (Tex. Dep't of Pub. Safety, Approval of
Techniques, Methods, and Programs), *repealed by* 40
Tex. Reg. 129, 255 (2015).

Outside the presence of the jury, Patel moved to suppress
the breath test results. According to the Intoxilyzer time
stamp, the breath test was administered at 4:57 a.m. Patel
argued that the results should be suppressed because the
15–minute observation period required by the Texas
Administrative Code could not have been observed given
the evidence that Patin left the scene at 4:29 a.m. and
spent 40 minutes performing various tasks before the test
was administered at 4:57 a.m.

*\*2* After a hearing, the trial court denied the motion and
admitted the breath test results, which showed that Patel
had a blood-alcohol concentration level of 0.179. The jury
found Patel guilty.

## Discussion

In her sole issue, Patel contends that the trial court abused its discretion in admitting her breath test results because the evidence shows that the breath test operator failed to perform the 15–minute observation period required by the Department of Public Safety and then-effective section 19.4(c)(1) of the Texas Administrative Code.

### A. Standard of Review

When reviewing a trial court's ruling on a motion to suppress evidence, we apply a bifurcated standard of review. *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex.Crim.App.2000); *Wiley v. State,* 388 S.W.3d 807, 815 (Tex.App.—Houston [1st Dist.] 2012, pet. ref'd). We conduct a de novo review of the trial court's application of the law to historical facts. *Carmouche,* 10 S.W.3d at 327. But we give almost total deference to the trial court's determination of those facts that depend on the credibility of the evidence. *Id.*

Unless a trial court abuses its discretion by making a finding unsupported by the record or rendering a decision "outside the zone of reasonable disagreement," we defer to its findings and will not disturb them on appeal. *Flores v. State,* 177 S.W.3d 8, 14 (Tex. App—Houston [1st Dist.] 2015, pet ref'd); *Higginbotham v. State,* 416 S.W.3d 921, 924 (Tex. App—Houston [1st Dist.] 2013, no pet.). If the trial court does not enter findings of fact, we must "view the evidence in the light most favorable to the trial court's ruling" and "assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *Wiede v. State,* 214 S.W.3d 17, 24–25 (Tex.Crim.App.2007).

### B. Applicable Law

"A breath specimen taken at the request or order of a peace officer must be taken and analyzed under the rules of the [D]epartment [of Public Safety] ...." Tex. Transp. Code Ann. § 724.016 (West 2011). The rules for breath-alcoholtesting procedures are set forth in the Texas Administrative Code. *See* 37 TEX. ADMIN. CODE ch. 19 (2015). A presumption of admissibility applies when the procedures prescribed by the Department of Public Safety are followed. *See Reynolds v. State,* 204 S.W.3d 386, 390 (Tex.Crim.App.2006); *Stevenson v. State,* 895 S.W.2d 694, 696 (Tex.Crim.App.1995). Here, Patel contends that the State did not comply with one such rule.

It stated in relevant part that

> [a]n operator shall remain in the presence of the subject at least 15 minutes before the [breath-alcohol] test and should exercise reasonable care to ensure that the subject does not place any substances in the mouth. Direct observation is not necessary to ensure the validity or accuracy of the test result

*See* 37 TEX. ADMIN. CODE § 19.4(c)(1) (2014) (Tex. Dep't of Pub. Safety, Approval of Techniques, Methods, and Programs), *repealed by* 40 Tex. Reg. 129, 255 (2015).

### C. Analysis

Patel contends that the trial court erred in admitting her breath test results because the evidence demonstrates that Patin did not comply with the mandatory 15–minute waiting period required by then-effective section 19.4(c)(1) of the Texas Administrative Code. Patel argues that Patin could not have finished every task he claims he accomplished after leaving the scene that morning—driving to the station, checking in weapons, waiting for Officer Sampson, using the restroom—and observed the mandatory 15–minute waiting period because the video time stamp and Intoxilyzer time stamp indicated that only 28 minutes elapsed between the time he left the scene (4:29) and the time the test was administered (4:57).

**\*3** We conclude that the trial court did not err in denying Patel's motion to suppress. Patin unequivocally testified that he knew he complied with the 15–minute observation period because he used the stopwatch on his watch to ensure that 15 minutes elapsed before he administered Patel's breath test. Patin's time estimates in response to cross-examination discredited his timeline—there was not enough time to perform each of the tasks he described if they indeed took as long as he estimated, observe the 15–minute waiting period, and administer the test by 4:57 a.m. However, there was no evidence that the car's time stamp was synchronized with the Intoxilyzer time stamp. *See Gutierrez v. State,* 221 S.W.3d 680, 687 (Tex.Crim.App.2007) (conflicting evidence should be resolved in favor of trial court's ruling on motion to suppress); *Howes v. State,* 120 S.W.3d 903, 907 (Tex.App.—Texarkana 2003, pet. ref'd) (stating that unless "the time stamp generated by the video camera [of the officer's patrol car] was synchronized with the internal clock in the intoxilyzer machine ... [a reviewing

court] cannot find that the trial court abused its discretion by denying a motion to suppress"). It was the trial court's province to resolve this conflict in the evidence, and we afford almost total deference to the trial court to determine the credibility of the evidence. *See Walker v. State,* 588 S.W.2d 920, 924 (Tex.Crim.App.1979) (trial court determines whether officer's or appellant's version of events is true).

Giving the required deference to the trial court's credibility determination, we conclude that the trial court could have credited Patin's testimony that he observed the mandatory 15–minute waiting period using his stopwatch and reasonably concluded that Patin complied with section 19.4(c)(1) of the Texas Administrative Code. *See Serrano v. State,* 464 S.W.3d 1, 8 (Tex.App.—Houston [1st Dist.] 2015, pet. ref'd) (holding trial court did not abuse its discretion in denying motion to suppress where breath test operator testified that she knew she performed

mandatory 15–minute waiting period even though she could not specifically recall observing appellant).

We overrule Patel's sole issue.

### Conclusion

We affirm the judgment of the trial court.

### All Citations

Not Reported in S.W.3d, 2015 WL 5821439

### Footnotes

1    While Patel's appeal was pending, the Department of Public Safety reorganized and revised the Breath Alcohol Testing Regulations. *See* 40 Tex. Reg. 129, 250–55 (2015). The 15–minute observation period is now governed by section 19.3 of the Texas Administrative Code. *See* 37 TEX. ADMIN. CODE § 19.3 (2015) (Dep't of Pub. Safety, Techniques and Methods), *adopted by* 40 Tex. Reg. 129, 252 (2015). For purposes of this opinion, our analysis is confined to the former section 19.4 which governed the procedures to be followed at the time Patel was arrested.

End of Document                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.